HESS *v.* MIAMI CONSERVANCY
DISTRICT ET AL.

(No. 87-08025—Decided
September 16, 1987.)

Court of Claims of Ohio.

*Charles W. Slicer,* for plaintiff.
*Francis S. McDaniel,* for defendants.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Jordan Finegold,* for the state of Ohio.

RINGLAND, J. This matter came before this court based upon defendants' motion to dismiss for lack of subject matter jurisdiction under Civ. R. 12(B)(1). The parties submitted memoranda in lieu of oral argument; the state of Ohio, by and through the Attorney General, also entered a special appearance for this motion only, joining in the motion and submitting a written memorandum in favor of the motion.

Plaintiff, Glen A. Hess, in his complaint, alleges an action sounding in wrongful discharge against the Miami Conservancy District. Originally styled *Hess* v. *State of Ohio (the Miami Conservancy District),* the heading "State of Ohio" was struck by the court as surplusage pursuant to L.C.C.R. 15(B).

The basis of the motion is that this action was improperly brought in the Court of Claims inasmuch as the conservancy district is not an agency of the state, but rather a political subdivision under the terms of R.C. 2743.01 (B). The Court of Claims, which was enabled by R.C. Chapter 2743, has exclusive jurisdiction concerning civil actions against the state under R.C. 2743.03(A). Political subdivisions, however, are exempt from the waiver of sovereign immunity per R.C. 2743.02 and, as such, the court lacks subject matter jurisdiction over political subdivisions. *Haas* v. *Hayslip* (1977), 51 Ohio St. 2d 135, 5 O.O. 3d 110, 364 N.E. 2d 1376.

R.C. 2743.01 defines:

"(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. 'State' does not include political subdivisions.

"(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

Defendants argue, based upon the reading of R.C. 2743.01(A) and (B), that the conservancy district is a political subdivision clearly within the definitions set forth above and, as such, is not an agency over which the Court of Claims has jurisdiction under R.C. 2743.02 and 2743.03. With this argument the court agrees.

Conservancy districts were created to prevent flooding, regulate flow of streams, arrest erosion and provide other water conservation and flood control duties. R.C. 6101.04. As such, the legislature has used language clearly designating the conservancy

district as a political subdivision. R.C. 6101.03(F) provides: "Every district declared upon hearing to be a conservancy district shall thereupon become a political subdivision and a public corporation of the state * * *." The general legal consensus has been to consider conservancy districts as political subdivisions. See, *e.g.,* 1955 Ohio Atty. Gen. Ops. 6061. Courts have also considered, without much discussion, conservancy districts to be political subdivisions of the state. See *Concerned Citizens* v. *Pine Creek Conserv. Dist.* (S.D. Ohio 1977), 473 F. Supp. 334, 15 O.O. 3d 415; *Concerned Citizens* v. *Pine Creek Conserv. Dist.* (1977), 429 U.S. 651.

Therefore, based upon the apparent clear legislative intent as well as prior judicial interpretation, this court finds that a conservancy district is a political subdivision under R.C. 2743. 01(B) and, as such, is not an agency over which this court has subject matter jurisdiction. Therefore, for all the above reasons, the motion of defendants is found to be well-taken and is hereby granted. Complaint dismissed. Judgment is entered for the defendants.

*Complaint dismissed.*

ROBERT P. RINGLAND, J., of the Court of Common Pleas of Clermont County, sitting by assignment.